# In the United States Court of Federal Claims

No. 09-454 C
(Filed: June 28, 2011)

```
*************************************
JOYCE TERRY,                         *
d/b/a SHIRT SHACK,                   *
                                     *
                 Plaintiff,          *
                                     *
                                     *
v.                                   *
                                     *
                                     *
THE UNITED STATES,                   *
                                     *
                 Defendant.          *
                                     *
*************************************
```

## ORDER

In a prior decision in this case, the court determined that it lacked jurisdiction to entertain count I of the amended complaint pursuant to 28 U.S.C. § 1491(b)(1), but possessed jurisdiction over count I pursuant to 28 U.S.C. § 1491(a) based upon an implied-in-fact contract for fair and honest consideration of plaintiff's proposal. With respect to count II of the amended complaint, the court granted defendant's motion to dismiss based upon grounds that plaintiff failed to comply with the administrative procedures set forth in the Contract Disputes Act of 1978 ("CDA"). See generally Terry v. United States, 96 Fed. Cl. 131 (2010).

Thereafter, defendant filed a notice of precedent in which it explains that its motion to dismiss count II of the amended complaint contained an "erroneous assumption." Defendant acknowledges that it failed to present the court with precedent demonstrating that Army Air Force Exchange Service ("AAFES") concession contracts, such as the one at issue in this case, are not subject to the CDA. Defendant therefore contends that the court does, in fact, possess jurisdiction over count II of the amended complaint. Although defendant acknowledges that its exhaustion argument was without basis, it argues that count II should be dismissed for failure to state a claim upon which relief can be granted.

The CDA covers four types of executive agency express or implied contracts: (1) the procurement of property, other than real property in being; (2) procurement of services; (3) procurement of construction, alteration, repair, or maintenance of real property; and (4) disposal of personal property. 41 U.S.C. § 602(a). A concession contract does not fall within these

categories.  See 36 C.F.R. § 51.3 (2008) ("Concession contracts are not contracts within the meaning of [the] Contract Disputes Act[] and are not service or procurement contracts within the meaning of statutes, regulations or policies that apply only to federal service contracts or other types of federal procurement actions.").  Plaintiff's contract with the AAFES authorized her to operate a concession kiosk at Ft. Benning, see Am. Compl. ¶¶ 33, 35 (alleging that plaintiff had a mobile kiosk stand at Ft. Benning that she operated as a temporary concessionaire), and plaintiff alleges in count II of the amended complaint that the AAFES breached–and engaged in other misconduct during its administration of–her concession contract, id. ¶¶ 34, 36-37.  Therefore, count II of the amended complaint is not subject to the CDA, and the CDA's administrative procedures have no application here.  Consequently, plaintiff was not required to file an administrative claim prior to filing suit in this court.  See Frazier v. United States, 67 Fed. Cl. 56, 58-59 (2005).

Accordingly, the court **VACATES** Part IV.1 of its previous decision, which granted in part defendant's motion to dismiss based upon CDA grounds.  The court reaffirms its prior ruling that it lacks jurisdiction over plaintiff's discrimination allegations, which were addressed in Part IV.2 of its previous decision.

**IT IS SO ORDERED**.

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge